CLARENCE BROOKS & another *vs.* GEORGE NORRIS.

Essex. Nov. 7, 1877. — Mar. 25, 1878.  MORTON & SOULE, JJ., absent.

An officer's return of the levy of an execution, which states that he appointed an appraiser for the debtor, "the debtor not being an inhabitant of or resident in my precinct," fails to show, as required by the Gen. Sts. c. 103, § 25, that 'the debtor was absent from or resident out of the state, or neglected to appoint an appraiser; and invalidates the levy.

WRIT OF ENTRY, dated August 20, 1875, to recover a parcel of land in Hamilton. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Colburn,* J., who allowed a bill of exceptions in substance as follows :

On April 12, 1871, the demanded premises were set off to the demandant by virtue of a levy of an execution on a judgment in his favor against the tenant, recovered in the Superior Court for the county of Suffolk. In the execution, the tenant was described as of Chelsea, in the county of Suffolk. The tenant contended that the provisions of the Gen. Sts. c. 103, were not followed, in that he was not notified and allowed to appoint an appraiser. So much of the officer's return as relates to this point was as follows :

" Essex, ss. April 12th, 1871. By virtue of this execution I this day seized the real estate described in the foregoing certificate of the appraisers, and caused three disinterested and discreet men to be sworn as appraisers as above, to wit: Amos T. Hobbs, who was appointed by the within named Clarence Brooks and James H. Fitzgerald, the creditors, and Henry Hobbs and Joseph Cook, who were both appointed by me, the within named George Norris, the debtor, not being an inhabitant of or resident in my precinct, and, he having no agent or attorney duly accredited and known to me as such, I could serve no notice to appoint an appraiser upon him, and I appointed said Cook for him."

The judge sustained the tenant's objection, and ordered judgment for him ; and the demandants alleged exceptions.

*W. F. Slocum,* for the demandants.

*D. E. Safford,* for the tenant.

COLT, J. The validity of the demandant's levy is disputed by the tenant, on the ground that he was not legally notified and

allowed, as judgment debtor, to appoint an appraiser. The judgment was recovered against him in Suffolk County, and he was described as of Chelsea, in that county. The land levied on was in Essex County, and the officer returned that, in making the levy, he and the creditor each appointed one of the appraisers, and the other was appointed by him for the debtor, upon whom notice to appoint could not be served, he not being an inhabitant of or a resident in his, the officer's, precinct, and having no agent or attorney duly accredited to him as such.

The officer is required to set forth substantially, among other things, the fact that the appraisers were appointed by him, and the debtor, and the creditor; "or that the debtor was absent from or not resident in this state, and had no agent or attorney known to the officer, or neglected to appoint an appraiser, and the officer appointed one for him, as the case may be." Gen. Sts. *c.* 103, §§ 3, 25. The statement in this return, that the debtor was not an inhabitant of the officer's precinct, or resident therein, and could not be served with notice, cannot be regarded as equivalent to the statement that the debtor was absent from or not a resident in the state; or that he neglected to appoint an appraiser. Sheriffs and their deputies have no power, except as they may be authorized by special provisions, to serve and execute process beyond the limits of their respective counties. Gen. Sts. *c.* 17, §§ 9, 10, 65; *c.* 18, § 69; *c.* 170, § 11. The word "precinct," as used in an officer's return, and in the Gen. Sts. *c.* 103, § 24, requiring notice of the taking to be given to the debtor by the officer, if the debtor is found within his precinct, means the territory within which the officer may legally discharge the duties of his office, and cannot fairly be interpreted as meaning the whole state.

Before the St. of 1852, *c.* 256, the officer, in making a levy, could only act for the debtor when the latter neglected to appoint for himself; and it was held not to be sufficient for the return to state that the debtor was not a resident of, or was out of the state; for it was said he might nevertheless have communicated his choice of an appraiser by letter to the officer, and in that case could not be said to have neglected to do it. *Leonard* v. *Bryant*, 2 Cush. 32. *Shields* v. *Hastings*, 10 Cush. 247. Following these decisions, and doubtless in consequence of them,

the St. of 1852 was passed, giving the officer power to appoint, when the debtor was absent from the state, or not a resident therein, and had no agent or attorney known to the officer ; or when he neglected to appoint. If either of these two states of facts existed, and was stated in the return, it is sufficient. *Randall* v. *Wyman*, 16 Gray, 334. But one or the other must be stated. The difficulty with this return is, that it states neither alternative.

The statement that the debtor, not being in the officer's precinct, and having no agent or attorney, could not be served with notice to appoint an appraiser, is entirely consistent with the fact that he was then a resident of an adjoining county, and not out of the state. In such case, it is now as much the duty of the officer to state that the debtor neglected to appoint, as it was before the St. of 1852.                    *Exceptions overruled.*