### BENJAMIN F. PARKER *vs.* CURTIS ABBOTT.

Middlesex. January 30. — November 23, 1880.

Under the Gen. Sts. c. 103, § 41, providing that, in sales on execution of the right of redeeming mortgaged lands, "the officer shall give notice in writing of the time and place of sale to the debtor, if found within his precinct," a notice left by the officer at the last and usual place of abode of the debtor is insufficient.

WRIT OF ENTRY to recover a parcel of land in Somerville. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Aldrich,* J., who found for the demandant; and reported the case for the determination of this court. If the finding was erroneous, it was to be set aside and a new trial granted; otherwise, judgment for the demandant. The facts appear in the opinion.

*C. H. Hudson & E. W. Sanborn,* for the tenant.

*N. Morse & G. A. Bruce,* for the demandant.

COLT, J. The title to the land in question depends on the validity of proceedings to enforce a mechanic's lien. At the

trial, the tenant contended that the land was lawfully sold and conveyed to him by sheriff's deed, under a warrant issued upon a judgment recovered for the amount of a lien claimed by Michael Lanegan. The petition to enforce the lien was filed in December 1874, and alleged a building contract made on the previous 10th of August with Jotham Tabbut. When the contract was made the land was owned by John W. Vinal, who knew of and consented to the agreement, and in October follow ing conveyed the premises to Mary J. Tabbut, who, when the suit was commenced, was in possession as owner, subject to a mortgage given by her to George F. Sheldon after she acquired title. Mrs. Tabbut was the only person named as respondent in the suit. The sale made to the tenant was under a warrant ordering the sale of " all the right, title and interest that Mary J. Tabbut and all other persons interested " have or had in the premises on the 10th of August 1874. And it appeared by the return thereon that the sheriff gave notice of the time and place of sale, by leaving an attested copy of the warrant at the last and usual place of abode of Mary J. Tabbut. It was in evidence that the latter had no actual knowledge of the sale, having removed from Somerville a few weeks before the service and taken up her residence in Woburn in the same county. The demandant claimed under a sale for the foreclosure of the Sheldon mortgage, by which, in July 1875, he became absolute owner, subject only to Lanegan's lien ; and, among other things, he contended that the tenant acquired no title by the sheriff's deed, because notice of the time and place of sale was not given as required by law.

It is required by statute that the officer shall give notice of the time and place of sale, in the manner prescribed in relation to sales on execution of rights of redeeming mortgaged lands, unless the court otherwise orders. Gen. Sts. c. 150, § 23. And it is provided that in sales of equities of redemption the officer shall give notice in writing of the time and place of sale to the debtor, if found within his precinct, thirty days at least before the sale. Gen. Sts. c. 103, § 41. The original statute of 1798, c. 77, § 4, required the officer in such cases to give notice to the debtor in person, or by leaving the same at his last and usual place of abode. The commissioners for the first revision

of the statutes reported a provision in the same terms; but the Legislature amended the report by striking out the words "in person or by leaving the same at his last and usual place of abode," and adding the words "if found within his precinct." These are significant and material changes in the original provision, and manifest an intention on the part of the Legislature, that the debtor shall have written notice served on him personally, if he is within the precinct of the officer, that is to say, within the county or district within which the officer may lawfully discharge the duties of his office; *Brooks* v. *Norris*, 124 Mass. 172; and that service by copy left at the last and usual place of abode shall no longer be allowed as an alternative in such cases. The requirement of notice in writing to the debtor, if within the precinct, implies personal notice, and is not complied with by leaving such notice at his last and usual place of abode. By express provisions of statute, the latter mode is authorized in the service of an original summons issued in actions at law or suits in equity; Gen. Sts. c. 123, §§ 23, 25, 31; in petitions for partition; c. 136, §§ 8, 23; or to secure the attendance of witnesses; c. 131, § 2; in proceedings connected with the impounding of cattle; c. 25, § 29; and in the levy of executions on terms for years; c. 133, § 49; and perhaps in other cases. But on the other hand, when land is set off on execution and appraisers are to be chosen, the officer is required, in the words of the statute under consideration, to "give notice thereof to the debtor, if found within his precinct," in order that he may appoint an appraiser. Gen. Sts. c. 103, § 24. The reason for the distinction is here obvious. The purpose is to secure to the judgment debtor an opportunity to choose an appraiser, and not leave him to the chance of getting a notice left at his last and usual place of abode. A similar desire to protect the debtor may have dictated the change in the phraseology of the statute under consideration, and at all events the language in both cases should receive the same construction.

In the case at bar, there was no special order of the court directing the mode of service, and the officer, assuming Mrs. Tabbut to be the proper person to receive it, left a written notice of the sale at her last and usual place of abode, and gave no other notice except by publication. It appears that Mrs. Tabbut

then resided within his precinct; but whether she did or not, the return on the warrant shows that the officer failed to comply with a requirement necessary to the validity of the sale. The tenant claims title under a statute mode of conveyance, and as all the requisites of the statute must be complied with, and such compliance must appear in the officer's return on the warrant, he fails to defeat the demandant's title. *Litchfield* v. *Cudworth*, 15 Pick. 23. *Wellington* v. *Gale*, 13 Mass. 483. *Osborn* v. *Baxter*, 4 Cush. 406. *Grosvenor* v. *Little*, 7 Greenl. 376.

*Judgment for the demandant.**

---

* A similar decision was made on the same day in Suffolk in the case of

E. B. WELSH *vs.* WILLIAM MACOMBER.

WRIT OF ENTRY to recover a parcel of land in Boston. The case was submitted to the Superior Court, and, after judgment for the demandant, to this court on appeal, on the following agreed facts:

The demandant claims title under a sheriff's deed of the tenant's equity of redemption in the demanded premises. The officer's return shows that he left the notice of the time and place of sale at the last and usual place of abode of the judgment debtor, and does not show that it was served upon the debtor in person, nor is any reason shown why it was not so served. The return does not state the public places, particularly specifying the same, at which notices of the sale were posted by the officer.

The tenant objects to the demandant's right to recover only for the matters above stated as to the officer's return; and it is agreed that, if the court shall be of opinion that the demandant's title is invalid by reason of the matters herein set forth as to said return, judgment shall be entered for the tenant; otherwise, for the demandant.

*H. E. Swasey*, (*C. R. Brainard* with him,) for the demandant.

*E. M. Bigelow*, for the tenant.

COLT, J. The return of the officer shows that legal notice of the sale of the tenant's equity of redemption in the demanded premises was not given to him, as required by the Gen. Sts. c. 103, § 41. The case is governed by the decision in *Parker* v. *Abbott, supra*.          *Judgment for the tenant.*

The St. of 1881, c. 207, § 1, which took effect April 20, 1881, is as follows: "Any notice required to be given to the debtor, in the service of an execution by levy upon real estate, may be served upon him personally, or may be left at his last and usual place of abode. When the debtor does not reside in the precinct of the officer serving the execution and is not found therein by the officer serving the execution, such officer shall, in addition to the service required by law, send a copy of any notice which would be served upon him, if within said precinct, by mail post-paid, addressed to him at his place of residence, as described in the execution."