BENJAMIN F. BAYLEY, petitioner.

Middlesex. Jan. 16. — March 4, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

A court of record has no authority to allow an amendment to the return of a levy of an execution issued by it, by inserting a new and material fact, without proof of the truth of that fact.

The truth of an amendment to the return of a levy of an execution, that the officer, "having made diligent search for" the debtor, "but not finding him in my precinct," could make no personal service upon him, is not sustained by proof that the officer, upon hearing at the debtor's residence that he was probably not in, left for him a written notice of the time and place of sale under the execution, and made no further inquiry or search.

PETITION by a deputy sheriff to amend his return upon an execution. Hearing before *Gardner*, J., who allowed a bill of exceptions in substance as follows:

It appeared that, at September term 1877 of the Superior Court, Salma Kendall recovered judgment against James Killion, and the petitioner seized, upon the execution issued thereon, the right of the debtor to redeem certain mortgaged land, and

subsequently sold it. So much of the officer's return upon the execution as related to the notice given by him to the debtor was as follows: "And, on the 27th day of October 1877, I gave notice in writing to the said James Killion of said taking, and of the time and place of the proposed sale of his said right, title and interest and his said right in equity, in order to satisfy this execution, which written notice, with an attested copy of this execution, I left at the last and usual place of abode of said James Killion."

In July 1881, the petitioner filed his petition, verified by his affidavit that it was in conformity with the facts in the case, to amend his return by adding the following words: "Having made diligent search for said James Killion, but not finding him in my precinct, I could make no personal service of said notice." This amendment was allowed by the court.

Afterwards, at the same term of court, James Killion, representing that he was demandant in a writ of entry pending in the Superior Court for the county of Suffolk, and that the allowance of said amendment would injuriously affect his rights, petitioned the court to annul the order allowing said amendment, and that he might be heard thereon. Thereupon the court gave notice to said Bayley and said Killion of a time for hearing upon the petition of Killion.

At the hearing, it appeared that James Killion was the demandant in a writ of entry against one Kendall, pending in the Superior Court for the county of Suffolk, to recover back the same land sold on said execution, and that he relied upon the original return upon the execution to maintain his writ; and that the amendment, if allowed, would prevent his maintaining the same. Killion offered to introduce certain testimony for the purpose of showing that said amendment ought not to have been allowed, and that the order allowing the same should be annulled. The judge, under the objection of Bayley, admitted the following testimony:

Benjamin F. Bayley, called by said Killion, testified that he was a deputy sheriff of the county of Suffolk; that said execution was placed in his hands for service; that on October 27, 1877, he went to Killion's place of residence on the premises afterwards sold on said execution, and inquired of a person

connected with the house if James Killion was in, and was informed that Killion was probably not in; that he then left for Killion a written notice of the time and place of sale under said execution, and made no further search for him, and thought that Killion was present at the sale on the execution, which took place at the sheriffs' office in the court-house, in Boston.

Other testimony was introduced by Killion tending to show that he had lived on said estate continuously for thirty years; that he was well known at Brighton, where said estate was located, and that he had never received any notice of the time and place of said sale, and that he was not out of town in October 1877, but during all said time was at work in Brighton, where he resided.

Upon this evidence, the judge ruled, as matter of law, and not as matter of discretion, that the evidence of Bayley did not show that he had made diligent search for Killion before leaving the notice, as set forth in said petition; and, as matter of law, and not of discretion, ordered the allowance of said amendment to be annulled and withdrawn; and, as matter of law, upon the evidence, and not as matter of discretion, refused to allow the amendment as prayed for. The petitioner alleged exceptions.

*C. R. Train*, for the petitioner.

*S. J. Thomas & C. P. Sampson*, contra.

W. ALLEN, J. Two questions are presented by these exceptions: First, Is it within the discretion of a court of record to allow an amendment to the return of a levy of an execution issued by it, by inserting a new and material fact, without proof of the truth of the fact? and second, Was there any evidence of the truth of the proposed amendment offered in the court below, upon which the court, in the exercise of a judicial discretion, could have allowed it?

Upon the first question, we have no doubt. The allowance of amendments to its records is within the discretion of every court of record; but it is a judicial discretion, to be exercised under the rules of law; and a court has no authority to alter its records except to amend them so that they shall conform to the truth. It must appear that a proposed alteration is an amendment before the court can have any discretion to authorize it.

In *Wolcott* v. *Ely*, 2 Allen, 338, it was held that it was not competent for a court to allow one amendment to a return necessary to make a levy valid, when there was another error in the return which, if corrected, would show that the levy was invalid. Mr. Justice Hoar says: "But we do not think it within the proper limits of judicial discretion to allow an officer to amend a formal defect in his return, when facts are untruly stated in other parts of the return; and when, if the whole return were amended so as to conform to the truth, the amendment would be ineffectual and useless. If any amendment is allowed, it must show the whole truth." See also *Hovey* v. *Wait*, 17 Pick. 196; *Pratt* v. *Wheeler*, 6 Gray, 520.

The second question is, whether there was any evidence of the truth of the proposed amendment, upon which the court, in the exercise of its discretion, could allow it. The ruling was, that there was nothing upon which the court could exercise its discretion; and we think it was correct. The evidence offered of the truth of the amendment, in the first instance, was the affidavit of the petitioner; and, upon that, the amendment was allowed, without notice to any party in interest. Subsequently, the debtor applied to the court to have the order allowing the amendment annulled, and, upon a hearing, was allowed to call the petitioner, the officer who sought leave to amend his return, as a witness. It is objected, on the one side, that the court erred in not ordering notice and a hearing before the amendment was allowed; and, on the other, that the court had no authority to permit the debtor to appear and object to the allowance of the amendment. Upon a proceeding looking to the amendment of its own records, while the court might act without notice to any one, it was certainly within its discretion to hear any party interested, and any competent evidence. In *Balch* v. *Shaw*, 7 Cush. 282, the court say: "Surely a court of record need not give notice to all the world to come in and show cause why it should not make its record conform to the truth of the case. Any party, who supposes he can show such cause, should apply to the court to have the record set aside or expunged, after it is made."

The affidavit of the petitioner must be taken in connection with his testimony at the hearing; and the question is, whether,

upon his testimony alone, without considering the other evidence put in by the debtor, there was sufficient to justify the court, in the exercise of its discretion, in finding that the amendment was true.

The Gen. Sts. *c.* 103, § 41, provide that " the officer shall give notice in writing of the time and place of sale to the debtor, if found within his precinct." This requires personal service of the notice upon the debtor, and service by leaving the notice at his residence is in no case authorized. *Parker* v. *Abbott*, 130 Mass. 25. The statute intends that notice shall be given to the debtor, if he is within the precinct, and the officer must use reasonable diligence to make the service. He cannot make a true return that the debtor was not found within his precinct, unless he made reasonable effort to find him. This is the meaning of the words " diligent search." They express only what the law implies.

The testimony of the petitioner shows that he did not use reasonable diligence to serve the notice. Upon hearing, at the residence of the debtor, that he was probably not in, the officer made no further inquiry or search, and no attempt to make any legal service of the notice. Upon these facts, he could not truly return that the debtor was not found within his precinct, because he had made no sufficient attempt to find him. As there was no evidence upon which the court could find that the proposed amendment conformed to the truth, it had no discretion to allow it. *Exceptions overruled.*