CHARLES W. SAWYER <em>vs.</em> CATHERINE HARMON.

Middlesex.  Nov. 19, 1883. — Jan. 8, 1884.  C. ALLEN & HOLMES, JJ., absent.

An officer's return on an execution levied upon land stated that he gave notice in writing of the time and place of sale to A., the debtor, by leaving the same at his last and usual place of abode. The officer subsequently petitioned the court for leave to amend the return by adding the words, "as I could not find the said A. in my precinct," and in the petition stated, under oath, that he "did not find said A." in his precinct. The court allowed the amendment. *Held,* on a writ of entry, against the purchaser at the sale on execution, by a subsequent mortgagee of the debtor, to foreclose the mortgage, that the court had power to allow the amendment; and that, if the legality of the action of the court in allowing the amendment could be questioned in this proceeding, it was not to be presumed that the amendment was allowed on the affidavit of the officer alone. *Held, also,* that the amended return could not be contradicted or falsified by oral evidence.

MORTON, C. J.  This is a writ of entry to foreclose a mortgage. The demandant claims under a mortgage from one Theodore L. Savage, dated June 13, 1881. The tenant claims under a levy of an execution in a suit of one Hayward against the said Savage, which levy was made on February 21, 1880.

At the trial, it appeared that the levy was by a sale; and that, in his original return, the officer stated that "I gave notice

---

in writing of the time and place of sale to the said Theodore L. Savage, by leaving the same at his last and usual place of abode." As this return was insufficient, the officer, at April term, 1881, of the Superior Court for Suffolk county, by leave of court, amended his return so that it reads as follows : " I gave notice in writing of the time and place of sale to the said Theodore L. Savage, by leaving the same at his last and usual place of abode, as I could not find the said Theodore L. Savage in my precinct."

The only questions raised by the demandant, at the trial of the case at bar, were as to the admission of this amended return, and as to the exclusion of evidence to control it, by showing that the officer did not in fact make diligent search to find the said Savage.

It was competent for the Superior Court, upon such notice as it saw fit to order, or without notice to any one, to allow the officer to amend his return, upon being satisfied that the proposed amendment conformed to the truth. *Bayley, petitioner*, 132 Mass. 457, and cases cited. The demandant contends that the amendment was illegally allowed, because the petition of the officer for leave to amend states, as the reason for his failure to make personal service, that " he did not find said Savage in his precinct," while the amendment allowed was that he " could not find " him in his precinct. If the legality of the action of the court allowing the amendment could be questioned in a collateral proceeding, like this suit, there is nothing to show that it was not valid and proper. It does not appear that the court, in allowing the amendment, acted solely upon the petition and affidavit of the officer. On the contrary, it is to be presumed that the presiding justice required and received evidence *aliunde* sufficient to satisfy his mind that the amendment truly stated the facts as they existed.

The amended return, when allowed, became a part of the records of the court, and was admissible in the case at bar to show the levy upon which the tenant relied. It was decided in *Owen* v. *Neveau*, 128 Mass. 427, that a return in this form was sufficient. The language, " I could not find the said Theodore L. Savage in my precinct," imported that the officer had made diligent search for him.

As to the second question raised by the demandant, it is clear that an officer's return of a levy of execution is conclusive as against parties to the process and their privies; and therefore, that the evidence offered to contradict and falsify the return was properly excluded.* *Baker* v. *Baker*, 125 Mass. 7. *Campbell* v. *Webster*, 15 Gray, 28.                    *Exceptions overruled.*

*P. H. Hutchinson*, for the demandant.
*S. K. Hamilton*, for the tenant.

---

* The evidence excluded was that Savage, on the day the officer left the notice stated in the return, slept at his house, within the jurisdiction of the officer, and did so for many days before and after that day, and took his breakfast and supper there; that the officer knew him well, and made no search whatever for him before leaving the notice.