## MARY A. C. HOLMES vs. EBEN D. JORDAN.

Norfolk.   January 14, 1895. — February 28, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Levy — Officer's Return on Execution — Service on Debtor — Posting of Notification — Validity of Sale — Statute — " Equity " — " Lands " — Variance — Amendment.*

An officer's return on an execution levied upon land of the debtor contained the following recital : " I gave notice in writing to the within named judgment debtor of the time and place of sale by leaving the same at her last and usual place of abode, and by mailing a like notice to her address, as described in said execution, in a securely sealed envelope, fully prepaid." *Held,* that this return satisfied the requirements of Pub. Sts. c. 172, § 46, and showed sufficiently, (in the absence of evidence to the contrary,) that the place of service was within the officer's precinct, and was the last and usual place of abode of the debtor.

Under Pub. Sts. c. 172, § 29, providing that the officer shall give notice in writing to the debtor of the time and place of the sale of land on execution, and " shall also cause notifications thereof to be posted up in some public place in the city or town where the land lies, and also in two adjoining cities or towns if there are so many in the county," the posting of one notification in the town where the land lies is sufficient.

The recital in an officer's return upon an execution, that he took " all the right in equity " which the debtor then had " to redeem the following described mortgaged real estate," does not invalidate a sale of the land upon the execution, although at the time of the levy there had been no breach of the condition of the mortgage.

The word "lands," in an execution directing the officer to cause the debt to be satisfied "of the goods, chattels, or lands of the said judgment debtor," embraces any interest authorized by the law to be taken.

If an execution issued upon a judgment recovered by the plaintiff as executor recites a recovery by him personally, and it appears from the record that this defect is merely a clerical error, an amendment will be allowed as of course from the record without other evidence, and the execution may be treated as amended in the trial of a writ of entry to recover land sold on the execution.

WRIT OF ENTRY, to recover a parcel of land lying partly in Brookline and partly in Boston.   Plea, *nul disseisin.*   Trial in the Superior Court, without a jury, before *Braley*, J., who found for the tenant; and the demandant alleged exceptions, which appear in the opinion.

*B. B. Jones,* (*S. L. Whipple* with him,) for the demandant.

*J. H. Benton, Jr.,* for the tenant.

Holmes, J. The exceptions in this case relate to the validity of a sale on execution of land belonging to the demandant. The first one argued is that the officer's return does not show a valid notice in writing of the time and place of the sale to the demandant, the debtor, as required by Pub. Sts. c. 172, § 29, if the debtor is found within his precinct. The return reads, " I gave notice in writing to the within named judgment debtor of the time and place of sale by leaving the same at her last and usual place of abode, and by mailing a like notice to her address, as described in said execution, in a securely sealed envelope, fully prepaid." The objection that the return does not state expressly that the debtor was not found within the officer's precinct, based on the decisions under the corresponding section of the Gen. Sts. c. 103, § 41, (*Owen* v. *Neveau*, 128 Mass. 427, *Parker* v. *Abbott*, 130 Mass. 25, *Bayley, petitioner*, 132 Mass. 457, *Sawyer* v. *Harmon*, 136 Mass. 414, 415,) is met by Pub. Sts. c. 172, § 46, (St. 1881, c. 207,) passed soon after the decision in *Parker* v. *Abbott*. This provides that any notice required to be given to the debtor under that chapter " may either be served upon him personally, or left at his last and usual place of abode." The alternative of service by leaving the notice at the last and usual place of abode, which formerly was allowed by St. 1798, c. 77, § 4, is restored by this section. *Croacher* v. *Oesting*, 143 Mass. 195, 196. See *Parker* v. *Abbott*, 130 Mass. 25, 26, 27. The return *prima facie* means that the place where the service was made was within the officer's precinct, that is, it is to be presumed in the absence of evidence to the contrary that the service was made where the officer had authority to make it. *Richardson* v. *Smith*, 1 Allen, 541, 543. The return also sufficiently establishes that the place of service was the last and usual place of abode. There is no evidence which even attempts to contradict it. *Stewart* v. *Griswold*, 134 Mass. 391, 393. *Wolcott* v. *Ely*, 2 Allen, 338, 340. *Bott* v. *Burnell*, 11 Mass. 163, 165. Freem. Ex. (2d ed.) §§ 387, 365.

It is objected that the officer was required by the same § 29 to cause two or more notifications to be posted up in Brookline, where the land lies. The language of the section is, " shall also cause notifications thereof to be posted up in some public place in the city or town where the land lies, and also in two adjoining

cities or towns if there are so many in the county." Apart from history, no one would doubt, we think, that the plural " notifications " was used with reference to the several cities or towns in which notifications are required, notwithstanding the words " and also." In fact, however, the plural is a survival from St. 1798, c. 77, § 4, which required the posting up of notifications in two or more public places in the town where the land lies. The Rev. Sts. c. 73, § 39, substituted " some public place " for " two or more public places," and thereby made one notification sufficient.

The next objection urged is that the officer returns that he took " all the right in equity " which the debtor then had " to redeem the following described mortgaged real estate," whereas at the time there had been no breach of condition, so that the debtor's right was a right at law alone. The expression used is inaccurate, no doubt, but illustrations are not necessary to show that the term " equity of redemption " is used in common speech to describe the title of a mortgagor without regard to whether the condition has been broken. A striking one will be found in the definition given by the Century Dictionary under the word " equity." The words of the return, although a little more formal than " equity of redemption," and throwing a little more emphasis on the possible antithesis between equity and law, in our opinion are to be taken in the popular sense, and do not invalidate the sale.

The execution was in the usual form, directing the officer to cause the debt to be satisfied " of the goods, chattels, or lands of the said judgment debtor." The word " lands " in this connection embraces any interest authorized by law to be taken. See Pub. Sts. c. 172, §§ 1, 27 ; c. 171, § 20 ; c. 3, § 3, cl. 12. The recital in the return that the officer had deposited a copy of the execution in the clerk's office and also in the registry of deeds, with a memorandum upon it stating that it had been placed in his hands " for the purpose of taking the lands " of the debtor, merely follows the execution, and does not affect the question before us.

The only other objection argued is that the execution is not supported by the judgment because the judgment was recovered by the plaintiffs in an action of contract wherein in the writ

they were described as executors of the will of Oliver Ames, whereas the execution recites a recovery by them personally. It appears from the record that the defect is merely a clerical error. An amendment would be allowed as of course from the record, without other evidence. Under such circumstances the writ may be treated as amended in this proceeding. *Dewey* v. *Peeler*, 161 Mass. 135, 136, and cases cited. Freem. Ex. (2d ed.) §§ 71 *a*, 67.     *Exceptions overruled.*