GEORGE L. KERR vs. ARTHUR B. ATWOOD.

Middlesex.    March 28, 1905. — June 23, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Tax*, Arrest for non-payment.    *Officer*.    *False Imprisonment*.

For the purpose of making an arrest under R. L. c. 13, § 26, for non-payment of a
tax, the collector has made reasonable search for goods on which to levy when
he has requested the delinquent to exhibit goods upon which the levy may be
made and the delinquent has refused or neglected to exhibit them.

In an action against a constable for alleged unlawful arrest under a tax warrant,
if it does not appear that the defendant made a specific demand upon the plain-
tiff to exhibit goods upon which to levy before making the arrest, the return of
the defendant upon the warrant that he made diligent search for and was unable
to find goods of the plaintiff, although not conclusive, is *prima facie* evidence
in favor of the defendant.

In an action against a constable for alleged unlawful arrest under a tax warrant,
if there is evidence that the plaintiff was arrested for non-payment of a tax after
the defendant had made reasonable search for goods on which to levy, the ques-
tions whether on the facts shown there was unnecessary or improper delay in
proceeding to the jail with the plaintiff or whether the plaintiff was subjected
to improper treatment are for the jury.

TORT against a constable for alleged unlawful arrest and false
imprisonment of the plaintiff under a tax warrant on January
14, 1903.    Writ dated January 15, 1903.

At the trial in the Superior Court before *Wait*, J. the jury
returned a verdict for the defendant; and the plaintiff alleged
exceptions.

*J. J. Walsh & T. P. Riley*, for the plaintiff.

*H. L. Boutwell & W. H. Hastings*, for the defendant.

HAMMOND, J.    In this action to recover damages for an al-
leged assault and false imprisonment, the defendant pleaded
justification under a tax warrant.

R. L. c. 13, § 26, under which the arrest was made, is as
follows: " If a person refuses or neglects to pay his tax for
fourteen days after demand and the collector cannot find suf-
ficient goods upon which it may be levied, he may take the
body of such person and commit him to jail until he pays the
tax and charges of commitment and imprisonment, or is dis-
charged according to law."    The main question is whether

there was evidence from which the jury might find that the defendant could not find sufficient goods within the meaning of the term as used in this statute.

The jury were instructed in substance that it was the duty of the defendant to make a diligent search, but that if before the arrest the defendant demanded of the plaintiff that he exhibit goods for the purpose of being taken on the warrant and the plaintiff, having goods which he could have exhibited, failed to exhibit them, then as matter of law the defendant had made diligent search and could lawfully arrest. We are of opinion that this instruction was correct.

After the adoption of our State Constitution, the first statute authorizing arrest for non-payment of taxes was St. 1785, c. 70, § 2. It reads as follows: " And if any person assessed as aforesaid to the state or other tax, shall refuse or neglect to pay the sum or sums so assessed, by the space of twelve days after demand thereof, and shall neglect to show the constable or collector sufficient goods or chattels whereby the same may be levied, in every such case, he may take the body of the person so refusing, and him commit unto the common gaol," etc. This provision appears in Rev. Sts. c. 8, § 11, in this language : " If any person shall refuse or neglect, for fourteen days after demand thereof made, to pay his tax, and the collector cannot find sufficient goods, upon which it may be levied, he may take the body of such person and commit him to prison," etc. And through the various codifications the language has remained substantially the same. Gen. Sts. c. 12, § 13. Pub. Sts. c. 12, § 14. St. 1888, c. 390, § 18. R. L. c. 13, § 26. There is nothing in the report of the commissioners on the Revised Statutes to show that they intended to make any change in the statute, so far at least as respects the effect of a refusal of the delinquent taxpayer, when requested, to exhibit goods upon which levy may be made ; and we think no change was made. So far as respects the right to arrest, the collector has made reasonable search when he has requested the delinquent to exhibit goods upon which levy may be made ; and if the delinquent refuses or neglects to make such an exhibit the collector may properly return that he cannot find sufficient goods. It is the duty of the delinquent to pay his tax and, in default thereof, after a

certain time to exhibit to the collector upon demand goods upon which levy may be made. The law does not impose upon the collector the idle task of seeking elsewhere when with warrant in hand he has asked the delinquent to show goods upon which to levy, and the latter who should know fails to indicate where there may be such goods. The instructions of the presiding judge were in accordance with this view and were correct and pertinent to the case. The evidence amply warranted the finding that the plaintiff had refused upon demand to exhibit to the defendant goods upon which to levy.

The question whether the defendant had made reasonable search even if he had made no specific demand upon the plaintiff to exhibit goods properly was left to the jury. In the first place the return upon the warrant that he had " made diligent search for and was unable to find goods and chattels of the within named George L. Kerr whereof to make distress," although not conclusive evidence in this action, was nevertheless *prima facie* evidence in favor of the defendant. *Lothrop* v. *Ide*, 13 Gray, 93. *Barnard* v. *Graves*, 13 Met. 85. The jury well may have thought that in view of the duty of the plaintiff to do what he could, his general suspicious attitude on the question, his oft repeated statement of his inability to pay even the small sum due, and the existence of the mortgage, the defendant was not obliged in law to inquire about the household furniture in the dwelling house of the plaintiff, into which against his will the defendant could not enter for the purpose of levying, nor, in view of the character of the mortgage, to undertake to get from either of the parties to the mortgage any information as to whether it was valid as to the whole or any part of the articles in the store. The jury well may have thought that the *prima facie* case made out by the return stood notwithstanding the other evidence. In *Hall* v. *Hall*, 3 Allen, 5, cited by the plaintiff, it did not appear from the return upon the warrant that the defendant made any search whatever. The case upon this branch of it was submitted to the jury upon proper instructions, and the jury were warranted in finding that the defendant had made diligent search and could not find sufficient goods upon which to levy, and therefore had authority to make the arrest. For cases bearing somewhat upon the questions here discussed, see in addition to

those above cited, *Parker* v. *Abbott*, 130 Mass. 25; *Bayley, petitioner*, 132 Mass. 457; *Flint* v. *Whitney*, 28 Vt. 680.

The questions whether there was unnecessary or improper delay in proceeding to the jail at East Cambridge, or whether the plaintiff was subjected to improper treatment were also for the jury, and we see no error in the instructions on that point. The jury properly might find that the delay was at the request of the plaintiff, or that in any event it was not unreasonable, and that neither in being placed in the cell of the police station nor in any other respect was he treated improperly. We see no error in the manner in which the court dealt with the requests of the plaintiff on this point.

The evidence as to whether the plaintiff ever had told the defendant that he had in his house a piano or other property, or ever offered or pointed out to the defendant any specific articles in his store, or whether he was the George L. Kerr who gave the mortgage and that he never told the defendant about the mortgage, was admitted properly, and so was the copy of the mortgage. The evidence had a bearing upon the question of reasonable search.

The questions put to the plaintiff as to his ability to pay the tax if he had not paid other bills did not exceed the latitude fairly allowed in cross-examination, and we do not see how the plaintiff could have been prejudiced by it.

We regard the statement by the judge in the charge that taxes should be paid before private debts as simply introductory to what followed, and in any event it could work no harm to the plaintiff.

The evidence that there was no other place of detention in Malden except the police station was admissible upon the question whether the plaintiff was properly treated, and it was admitted rightly.

*Exceptions overruled.*