FRANCIS B. CROWNINSHIELD *vs.* WILLIAM G. BROUGHTON.

Essex.   March 8, 22, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Land Court,* Exceptions.   *Prescription.   Way,* Private.   *Evidence,* Presumptions and burden of proof.

A statement in a bill of exceptions allowed in the Land Court, " the evidence was substantially as follows," was construed to be a declaration that the bill contained all the material evidence.

Upon the hearing of a petition for the registration of the title to an island with a right of way to and from the island over a beach and bar at low tide from and to a public way on the mainland, there was evidence that a petition by a different petitioner for the registering of the title to certain land on the mainland and a part of the beach and bar was granted subject to a right of way appurtenant to the island over the beach and bar along the beach part of that petitioner's land to the same public way; that the decree in that proceeding did not decide that the petitioner in this proceeding had a right of way over the land of the respondent herein; and that the way in question in this proceeding had been in use for over thirty years.   There was no evidence that such use was not permissive. *Held,* that a finding was not warranted that the right of way sought by the petitioner had been gained by prescription.

PETITION, filed in the Land Court on April 3, 1919, and described in the opinion.

In the Land Court, the petition was heard by *Corbett,* J.   Material evidence and findings and rulings by the judge are described in the opinion.   The statement in the bill of exceptions relating to the Land Court case of Esther H. Graves was as follows:

" The petitioner also put in evidence the petition in case No. 4747 of Esther H. Graves to register a parcel of land situate between Beacon Street and Little Harbor, including a part of said beach and bar and also the decree which issued in said case.   The land described in said petition is bounded northerly by said respondent Broughton's land and northeasterly, easterly and northeasterly again by flats appurtenant to Orne's Island.   The Broughton land is bounded northerly on Harding's Court which extends from Beacon Street easterly to Little Harbor.   The respondent put in evidence the decision in said case, No. 4747,

wherein it was found that there is a right of way appurtenant to the Island both on foot and by teams over the bar and along the beach part of said land (Graves land) toward Hardings Lane and it was so decreed. In that case it was not decided that petitioner had a right of way over Broughton's land."

A decree for the petitioner was ordered; and the respondent alleged exceptions.

*W. R. Scarritt, Jr.,* for the respondent.

*E. A. McLaughlin, Jr.* (*J. Noble* with him), for the petitioner.

PIERCE, J. This is a petition to register the title to Orne's Island at the mouth of Little Harbor, Marblehead. The petitioner claims to hold by prescription as appurtenant thereto " a right of way, both on foot and by teams, to and from said Island and Harding's Court, otherwise known as Hardings Lane to Beacon Street." The title to the island is admitted to be in the petitioner, and we assume the title to Hardings Lane is in the respondent. At the close of the hearing before a judge of the Land Court the respondent, William G. Broughton, requested a ruling that " Upon all the evidence, the petitioner has failed to establish a right of way as claimed and, as a matter of law, the petition must therefore be dismissed." This request was refused, and the judge found " that the petitioner had acquired by prescription a right of way appurtenant to the island, both on foot and by teams over the respondent's beach and through Hardings Lane to Beacon Street." The statement in the record that " the evidence was substantially as follows," was intended as we understand it to be a declaration to this court that it contained all the material evidence; and we examine and weigh the reported evidence on that supposition. *Hartt* v. *Rueter,* 223 Mass. 207.

The decision of the Land Court in the case of Esther H. Graves, No. 4747, which established as against the world a prescriptive right of way over land of Graves to the land of the respondent and to the disputed way, was admissible for the single purpose of showing that the way claimed to be appurtenant touched the alleged dominant land of the petitioner; and was of no value in proof of other fundamental facts which the petitioner was required to prove in order to establish the right which he claimed as appurtenant to his land over the land of the respondent.

The petitioner sought to establish the prescriptive title by the testimony of one Goodwin that he hauled fishing traps along the way about thirty years ago for one Tucker. The record does not show that Tucker had title to the island or that he represented an owner of title or other interest in the island. Indeed, so far as appears, Tucker may have owned the land over which the disputed right of way leads or may have acted with the permission of such owner. The court could not infer from this testimony that the owner of the island owned the traps or moored them on the flats adjacent to it.

The petitioner introduced the testimony of William Stanley to the effect " that he had known the way for fifty years; that he had driven over with Mr. Goodwin and hauled manure and seaweed from the island; that between 1875 and 1880 he had moved on the island and hauled hay therefrom; that his father, now dead, told him thirty years ago that they drove from the island over this way teaming fish; that he had seen teams use the way while hauling goods for one Gregory who then held portions of the island under lease from the owners of the island, but that they were driven by John H. Broughton, the respondent's father and predecessor in title."

Nothing in this testimony warrants the inference that Goodwin with Stanley had hauled manure and seaweed over the way in question as the servants or agents of the owners of the island; and there is no evidence that the hay which Graves testified he had seen hauled over the way was taken to or from the island with the knowledge of the owners of the island. Nor can any inference of adverse use of the way be drawn from the fact that at the same indefinite time, for an indefinite period, the father of Stanley thirty years ago hauled fish from the island over the way, in the absence of evidence that such use was not permissive, even if it might be inferred that the fish were being carried to market after they were landed and dried on the island by the owners of the island. The testimony of Graves as to the hauling of hay, the use of the way by the lessee, and the hauling of lumber which was used to build cottages on the island, is not connected with any adverse use of the way in question by the owners of the island; and does not warrant any inference of such an adverse use.

Considering the evidence as a whole, we think it does not estab-

lish a continuous, adverse, uninterrupted use of the way claimed to be appurtenant for twenty years before the filing of the petition. It results that the request of the respondent for a ruling that the petitioner had failed to establish a right of way as claimed, should have been given.

*Exceptions sustained.*