Peter J. Walsh *vs.* Annie M. McGrenery & others.

Essex. November 9, 1937. — December 29, 1937.

Present: Field, Donahue, Lummus, Qua, & Dolan, JJ.

*Probate Court,* Jury issues.

Statements of evidence, expected to be presented upon issues of the due execution of a will of a woman seventy years of age whose eyesight was so defective that she could not read, of her soundness of mind, and of alleged undue influence exerted upon her, did not require the framing of jury issues.

Petition, filed in the Probate Court for the county of Essex on February 2, 1937, for proof of the will of Nellie L. Dow, late of Lynn.

A motion for jury issues was denied by *O'Brien,* J. The contestants appealed.

*J. H. Backus,* (*L. Poretsky* with him,) for the appellants.
*J. F. Doyle,* for the petitioner.

DOLAN, J.   This is an appeal from an order of the Probate Court for the county of Essex denying a motion that issues be framed for jury trial in the matter of the petition for probate of an instrument purporting to be the last will of Nellie L. Dow (hereinafter called the deceased), late of Lynn in said county, who died on January 4, 1937, leaving as her heirs at law seven daughters and two sons. Eight of the heirs contest the allowance of the will. The motion was heard on statements of counsel which are reported and no testimony was introduced. The instrument is dated October 30, 1936. By its terms the contestant Carrie Harkins is given $1 "as she is otherwise well provided for." Six other contestants were each given an article or articles of household furnishing and $1, and the eighth, Nellie L. Nolan, is given certain chairs and $1,000. The only non-contesting heir, Marion F. Green, is given $2,000 and the rest and residue of the estate. The petitioner Walsh, an attorney at law, was named executor. The deceased had executed another testamentary instrument in 1916 which is still in existence, giving to her husband, who predeceased her, a life interest in all her property. Upon his death, after disposing of certain household articles, the deceased provided that "Nellie" should have one half of the residue of her estate and that the other half should be equally divided among her remaining eight children and a granddaughter. The estate of the deceased consisted of the house in which she lived and its furnishings, all valued at about $8,000.

It appeared from the contestants' statement of expected proof that the deceased was about seventy years of age, that she had been a sufferer from diabetes for twenty years prior to her death, that her eyesight was badly affected and that she could not see to read at the time of the execution of the instrument. The statements of expected testimony of physicians who had seen the deceased were conflicting. While the contestants stated that the deceased's attending physician would testify that she was not of sound mind when the instrument offered for proof was executed, the petitioner asserted that the same physician together with

three others who saw the deceased had stated that she was of sound mind at that time. The other statements of. expected testimony, of some members of the family and of friends and neighbors, bearing on this issue were likewise conflicting. There were statements of expected testimony which if believed would tend to show that changes in the deceased's household subsequent to the execution of the prior instrument were such as make the provisions of the instrument offered for proof reasonable and natural. A recital of all the expected testimony on each side would serve no useful purpose. The adverse decision of the probate judge in whom is vested an element of discretion in such matters is entitled to weight. *Clark* v. *McNeil*, 246 Mass. 250, 255. *Bemis* v. *Andrews*, 280 Mass. 409. In the circumstances just outlined we think that it cannot be said that the judge erred in refusing to frame the issue of sound mind.

The contestants' statement of expected proof as to undue influence is general in its character and bare of any evidence of particular acts or statements, on the part of those charged with exercising such influence, tending to show conduct on their part restraining the will of the deceased. None of the facts offered to be proved by the contestants would warrant the finding that any of the persons named "possessed or attempted to exercise or in fact exerted any domination over . . . [the] testamentary disposition" of the deceased. *Neill* v. *Brackett*, 234 Mass. 367, 374. The evidence offered amounts to no more than that of opportunity to exercise undue influence. See *Johnson* v. *Loring*, 267 Mass. 310. Examining it in the light of the principles as to what constitutes undue influence, we cannot say that the probate judge erred in refusing to frame the issue of undue influence.

The instances where the issue of due execution has been framed are comparatively rare. *Fuller* v. *Sylvia*, 240 Mass. 49, 54. In the case at bar it appears that the instrument was executed under the supervision of the petitioner, who, as pointed out before, is an attorney at law. We think that there was no error in the refusal to frame this issue.

*Order denying jury issues affirmed.*