JOHN HANDRAHAN *vs.* NORTH MAIN STREET GARAGE, INC.   November 30, 1942.   Exceptions overruled.   The plaintiff seeks in this action of tort to recover compensation for personal injuries sustained by him when riding in a side car of a motor cycle by reason of the alleged negligent operation of the motor cycle by the defendant, its agents or servants.   There was a verdict for the plaintiff.   The defendant excepted to the denial of its motion for a directed verdict.   It would serve no useful purpose to recite the evidence set forth in the bill of exceptions, or to decide whether this evidence warranted a verdict for the plaintiff, for in no event can the exceptions be sustained.   Even if, as we do not decide, this evidence did not warrant such a verdict, the exceptions cannot be sustained, for the bill of exceptions does not show by direct statement or by reasonable implication that all the material evidence is set forth therein.   *York* v. *Barstow,* 175 Mass. 167, 169.   *Savage* v. *Collins,* 211 Mass. 472.   *McKin* v. *Siegel,* 256 Mass. 269.   *Commonwealth* v. *McIntosh,* 259 Mass. 388, 391.   Compare *Crowninshield* v. *Broughton,* 239 Mass. 17, 18; *Stone* v. *Sullivan,* 300 Mass. 450, 452.

The case was submitted on briefs.

*J. P. Flavin,* for the defendant.

*L. Ritvo & J. Levensohn,* for the plaintiff.

HENRY F. WAITT, petitioner for leave to appeal.   December 29, 1942. Petition dismissed; and it is ordered that the clerk of the court send a copy of this rescript to the register of probate and insolvency for the county of Plymouth.   This is a petition for leave to appeal late under G. L. (Ter. Ed.) c. 215, § 15.   Without passing upon the question whether the omission to appeal within the time prescribed by statute was due to accident or mistake, the petition is dismissed on the ground that it does not appear that, if leave to appeal was granted, any substantial question worthy of judicial inquiry would be presented by the appeal.   *Lovell* v. *Lovell,* 276 Mass. 10, 11.

*G. W. Abele,* for the petitioner.

*A. W. Blakemore, (E. M. Gladstone* with him,) for the respondents.