Harold L. Furbush *vs.* Coleman J. Connolly.

Middlesex.     May 8, 1945. — September 11, 1945.

Present: Field, C.J., Lummus, Qua, Ronan, & Wilkins, JJ.

*Arrest and Imprisonment. Taxation,* Collector of taxes, Imprisonment for nonpayment. *Practice, Civil,* Exceptions: whether error shown. *Error,* Whether error shown.

In an action against a deputy tax collector for false arrest and imprisonment of the plaintiff for nonpayment of certain poll taxes upon a warrant validly issued by the tax collector, the plaintiff, by a bill of exceptions which did not include a statement that it contained all the evidence, failed to show that there had been error prejudicial to him in the ordering of a verdict for the defendant.

Offers to pay a poll tax, not shown to amount to tenders, did not impair the validity of a warrant upon which a deputy tax collector subsequently arrested the offeror.

Tort. Writ in the Superior Court dated June 2, 1944.

The action was tried before *Morton, J.*

*H. L. Furbush,* pro se.

*J. J. Moss,* for the defendant.

Lummus, J.     This is an action of tort against a deputy tax collector of Woburn for false arrest and imprisonment.

At the close of the evidence the judge directed a verdict for the defendant. The case is here on the plaintiff's exception to that direction.

The evidence most favorable to the plaintiff was as follows: On May 13, 1944, the defendant told the plaintiff that according to the records of the tax collector of Woburn the plaintiff still owed the poll taxes of 1938, 1939 and 1940. See G. L. (Ter. Ed.) c. 59, §§ 1, 9, 10, as amended. On May 15, 1944, the plaintiff was told by the tax collector outside his office that he remembered that the plaintiff had paid up his poll taxes during the preceding winter. Nevertheless the plaintiff, later on that day, sent the tax collector a post office money order for $7.35, which the tax collector returned on May 19, 1944, with the notation "These taxes are in the deputy collector's hands for collection, as you know, and this amount is not correct." On May 20, 1944, the defendant arrested the plaintiff for nonpayment of the 1938 poll tax, and after being detained for several days the plaintiff paid $2 for the 1938 tax together with fifty cents as interest and thirty-five cents for a demand, $1 for "notice of warrant" and $2 for "arrest and custody," and what was due on the poll taxes for 1939 and 1940, and obtained his freedom. There was evidence that the tax collector had committed these taxes to the defendant for collection. See G. L. (Ter. Ed.) c. 60, § 34.

The plaintiff as the excepting party has the burden of showing by his bill of exceptions that there was substantial error prejudicial to him with reference to a point covered by an exception. *Posell* v. *Herscovitz,* 237 Mass. 513. *Quincy* v. *Wilson,* 305 Mass. 229, 231. *Commonwealth* v. *Rivers,* 307 Mass. 225. *Coe* v. *Coe,* 313 Mass. 232, 234. *Moran* v. *School Committee of Littleton,* 317 Mass. 591, 597. The bill of exceptions does not state that it contains all the evidence. *Cincevich* v. *Patronski,* 304 Mass. 679. *Handrahan* v. *North Main Street Garage, Inc.* 312 Mass. 699. For all that appears questions that might be open upon the matters stated in the bill of exceptions were closed by concessions at the trial. In the circumstances it is fair to assume that points not now taken in argument by the excepting

party were not actually in issue at the trial. In his brief the plaintiff does not deny that the defendant was acting under a valid warrant from the tax collector, issued after lawful demand. G. L. (Ter. Ed.) c. 60, § 34. The plaintiff does not contend in his brief that he had actually paid the poll taxes in question. All he contends is that he had offered to pay them (a) during the previous winter, (b) to the tax collector outside his office on May 15, 1944, and (c) by mailing the post office money order to the collector. None of these offers was shown to be a legal tender, and none of them appears to have impaired the validity of the warrant upon which the arrest was made. See *David* v. *Larochelle*, 296 Mass. 302, 304; *Cone* v. *Forest*, 126 Mass. 97.

It is true that the defendant had no right to arrest without first failing after reasonable search to find sufficient goods on which to levy his warrant of distress. G. L. (Ter. Ed.) c. 60, § 29. *Lothrop* v. *Ide*, 13 Gray, 93. *Hall* v. *Hall*, 3 Allen, 5. *Kerr* v. *Atwood*, 188 Mass. 506. The tax collector, called as a witness by the plaintiff, testified that before the arrest the defendant asked the plaintiff, "Have you any goods or chattels you can put up to take care of these taxes?" and that the plaintiff answered, "No, I have not." The plaintiff in his brief does not contend that that evidence was contrary to the fact. There is nothing in the other points argued by the plaintiff.

*Exceptions overruled.*