# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

ELSA HOLMLIN *vs.* PATRICIA NORDLING & another. April 30, 1953. Order denying motion for jury issues affirmed. The appellants contend that the Probate Court erroneously refused to frame for trial by jury an issue as to the undue influence of the petitioner, who is named as executrix in the will of Karin M. Nordling and is the sole beneficiary thereunder. The appellants' statement of expected evidence shows only that the decedent held in affectionate regard her two granddaughters, who were the children of her deceased son, and to whom she left nothing; and that the petitioner-beneficiary, who was the widow of the decedent's brother, had opportunities to exercise influence during frequent visits to the decedent. There is nothing more. Expected evidence of the proponent discloses that there had been much friction between the decedent and her daughter-in-law, mother of the grandchildren, which had culminated in an unsuccessful lawsuit against the decedent, and that for about six years before the will was made the decedent had met her grandchildren no more than twice and then by accident. There is no substantial basis for an issue upon undue influence. *Neill* v. *Brackett*, 234 Mass. 367. *Johnson* v. *Loring*, 267 Mass. 310, 312. *Briggs* v. *Weston*, 294 Mass. 452, 461–462. *Walsh* v. *McGrenery*, 299 Mass. 153, 155. *Foley* v. *Philbrook*, 300 Mass. 418, 425. *Livermore* v. *Seward*, 311 Mass. 389, 399–400. *O'Brien* v. *Collins*, 315 Mass. 429, 431, 437–440. *Flynn* v. *Prindeville*, 327 Mass. 266, 268–269.

*John G. Brackett*, for the contestants.
*Martin W. Cohen*, for the petitioner.

CLARA GUERTIN & others *vs.* LEO J. LUCIER. May 26, 1953. Exceptions overruled. This case comes here on exceptions by the defendant to the denial of his motion for a new trial, the basis of which was that the amount awarded by the jury on the count for consequential damages was excessive. The defendant as the excepting party "has the burden of showing by his bill of exceptions that there was substantial error prejudicial to him with reference to a point covered by an exception." *Furbush* v. *Connolly,* 318 Mass. 511, 512. This burden has not been sustained. The bill of exceptions failed to state that it contains all the evidence material to the question presented. *McKin* v. *Siegel*, 256 Mass. 269. *Commonwealth* v. *McIntosh*, 259 Mass. 388, 391. *Hall* v. *Smith*, 283 Mass. 166, 167. *Gurll* v. *Massasoit Greyhound Association, Inc.* 325 Mass. 76, 77.

The case was submitted on briefs.
*Eugene C. McCabe*, for the defendant.
*Nicholas Fusaro & Nunziato Fusaro*, for the plaintiffs.