### MARY A. BROWN *vs.* JOHN S. WASHINGTON.

In an officer's return of the levy of an execution upon land, a clerical error, by which the name of the creditor was substituted in one place for that of an appraiser, may be amended by leave of court, when enough appears in the return to amend by, even pending a writ of entry brought by one claiming under the debtor.

The fact that an officer, in levying an execution upon land, appointed his brother-in-law an appraiser does not vitiate the levy.

WRIT OF ENTRY to recover land in Salem. The case was submitted to the judgment of the Superior Court and, on appeal, of this court, upon agreed facts substantially as follows:

The demanded premises belonged to Clara Putnam, and on October 21, 1869, were set off by Daniel H. Potter, a deputy of the sheriff of Essex, to Devereux Dennis, upon an execution in his favor against Clara Putnam.

The officer's certificate and return on the execution were as follows: " Essex, ss., October 21, 1869. Then personally appeared before me, a deputy sheriff for the county of Essex, Samuel D.

Tilton, Edward F. Danforth, and William H. Chapman, and made solemn oath that they would faithfully and impartially appraise such real estate as should be shown to them as taken by force of this execution. Daniel Potter, Deputy Sheriff. Essex ss., October 21, 1869. By virtue of this execution, I, on the tenth day of August last, seized the real estate described in the following certificate of the appraisers, and caused two disinterested and discreet men to be appointed as appraisers, and then delayed further proceedings in consequence of the absence of the defendant until the twenty-first day of October, 1869, at which time I called upon the defendant to appoint an appraiser, and she neglected to appoint one, and I appointed the third, a disinterested and discreet man ; the three appraisers being as follows, to wit : Samuel D. Tilton, who was appointed by the within named Devereux Dennis, the creditor, and Edward F. Danforth and William H. Chapman, who were appointed by me, the within named Clara Putnam, the debtor, having been duly notified and neglected to choose an appraiser as aforesaid ; and the said Devereux Dennis, Edward F. Danforth and William H. Chapman, having been first duly sworn faithfully and impartially to appraise such real estate as should be shown to them as taken by force of this execution ; and the real estate above described in the foregoing certificate of said appraisers, which is to be referred to for a description, having been shown to them and to me by the said Devereux Dennis as the estate of the said Clara Putnam, and proceeded with me to view and examine the same so far as necessary to form a just estimate of its value, and appraised it at the sum of $88, which is the amount of this execution with all fees and charges ; and set off said real estate by metes and bounds to the said Devereux Dennis, to hold to him, his heirs and assigns forever ; all which appears by the certificate of the said deputy sheriff and appraisers above written, which are hereby referred to and made part of this return. And I this day levied this execution upon said real estate, described as aforesaid, and delivered seisin and possession thereof to the said Devereux Dennis, the creditor, to hold to him, his heirs and assigns forever, in full satisfaction of this execution, as appears by his receipt hereon. And

so I return this execution wholly satisfied. Daniel Potter, Deputy Sheriff."

The deputy sheriff is ready to amend his return by inserting the name of Samuel D. Tilton in place of Devereux Dennis before the words " Edward F. Danforth and William H. Chapman," in the return, and if it is competent for him so to do, his return is to have the same effect for the purposes of this case as if so amended. The certificate of the appraisers was duly signed by Samuel D. Tilton. William H. Chapman, one of the appraisers, was Potter's brother-in-law.

Dennis conveyed the premises to the tenant; and the demandant claimed title by a quitclaim deed from Clara Putnam, made since the premises were set off as above, and which the demandant received with a full knowledge of all the facts.

If upon these facts, or such of them as were competent, the action could be maintained, judgment to be entered for the demandant; otherwise, for the tenant.

*C. Sewall*, for the demandant.

*J. A. Gillis*, for the tenant, was not called upon.

BY THE COURT. 1. The officer made a palpable mistake in his return, by writing the name of Devereux Dennis, the creditor, instead of Samuel D. Tilton, the appraiser, in his recital of the administration of the oath to the appraisers; and the means of correcting it may be found in his return. The error is therefore amendable.

2. The fact that the officer chose his brother-in-law as an appraiser does not vitiate the levy, for neither the officer nor the appraiser had any interest in the land or its value.

*Judgment for the tenant.*