CARLETON HUNNEMAN & another *vs.* LOWELL INSTITUTION FOR SAVINGS & another.

Suffolk.    January 20, 1910. — April 11, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Execution,* Discharge, Assignment, Levy. *Payment. Equity Jurisdiction,* Right of creditor attaching real estate subject to mortgage to reach surplus after foreclosure sale. *Attachment. Equity Pleading and Practice,* Parties, Demurrer, Bill, Amendment, Decree, Remanding of case to Superior Court from Supreme Judicial Court for further hearing upon merits. *Supreme Judicial Court.*

In a suit in equity by the assignee of a judgment creditor to enforce an execution issued upon the judgment, it appeared that in the action in which the judgment was entered the creditor had attached real estate of the defendant and that the defendant also, without discharging the attachment, had given a bond with a surety company as surety conditioned upon the payment of whatever judgment the creditor should procure, that after the creditor had procured the judgment the surety company paid to him the amount of it and the creditor assigned to the surety company all his rights under the judgment and execution, and that it was the express intention of both parties to the transaction that it should be a sale of the creditor's rights under the judgment and execution with the purpose of keeping the execution alive and not a "payment under the execution." *Held,* that the execution was not satisfied and was still alive.

In an action of contract an attachment of real estate of the defendant was made. Certain mortgages of the defendant to a savings bank were entitled to priority over the attachment. On a June 1, the plaintiff recovered judgment and an execution issued, which was delivered to a deputy sheriff, whose return showed that he "seized and took" all the right, title and interest which the judgment debtor "had (not exempt by law from attachment or levy on execution) on" June 30, that being the time "when the same was taken on execution." Nothing further was done by the deputy sheriff, and on July 28 the savings bank sold the real estate in foreclosure of its mortgages. *Held,* that the levy by the deputy sheriff was upon the interest in the real estate existing at the time of the levy and not upon the interest attached upon mesne process, and that the

title which had been gained by the attachment therefore was lost before the foreclosure sale by the lapse of the thirty days after which, by R. L. c. 167, § 55, the attachment became of no effect.

Where a levy has been made upon the interest of a judgment debtor in certain real estate and thereafter one, who was the holder of certain mortgages which were entitled to priority over the levy, has foreclosed the mortgages by sale and, after the satisfying of the mortgage debts, holds a sum as a surplus, the judgment creditor is entitled, subject to liens, if any, which may have intervened between the time of the recording of the mortgages which were foreclosed and the time of the levy on his execution, to reach such surplus by a bill in equity and to apply it toward the payment of the judgment debt.

Where in a suit in equity to reach and apply an equitable interest of the defendant in satisfaction of a judgment debt, the bill alleges that the judgment creditor had sold and assigned his interest in the judgment to another and both the creditor and his assignee are joined as parties plaintiff and it cannot be known in advance whether or not the validity of the assignment will be questioned, a demurrer to the bill on the ground of misjoinder of parties cannot be sustained.

A bill in equity which sets out the bringing of an action at law, an attachment of certain real estate of the defendant, the procuring of a judgment, and the issuance of an execution, after which the judgment creditor sold and assigned his rights under the judgment and execution to another, and then avers that " within thirty days of the rendition of said judgment" the execution was placed " in the hands of . . . [an officer] . . . who commenced levy on the same," and that "by reason of the before-mentioned attachment" a lien was acquired by the judgment creditor upon the real estate, and that by his assignment " said lien passed with the execution to " the assignee, plainly proceeds upon the theory that the right of the assignee is based upon the attachment, and, if the right gained by the attachment has been lost because it was not enforced within thirty days after judgment, the suit, so far as it relies thereon, must fail.  In this case, however, since it seemed that the issue had been fully tried, and that the plaintiff had a right to enforce a lien obtained by a levy on the interest of the judgment debtor in the real estate after judgment, though not on the interest which was attached in the action at law, the plaintiff was given an opportunity to apply in the court where the bill was filed for leave to amend his bill so as properly to set forth that right, and it was ordered that, if such amendment was allowed, a decree, which had been made for the plaintiff and from which the defendant had appealed, should stand.

On an appeal by a defendant from a decree of the Superior Court in a suit in equity, after a rescript had been sent which permitted the plaintiff to apply for leave to amend his bill so as to state grounds for relief in accordance with the facts which were found, and which directed that, if such amendment was allowed, a decree which had been entered for the plaintiff and from which the defendant had appealed should stand, one of several defendants filed in this court a motion that the case be sent back to the Superior Court for a rehearing, and, all parties having been heard in writing on the motion and it appearing that certain facts, which would be material whether the bill was amended or not, had not been called sufficiently to the attention of the trial court and had not appeared in the record which was before this court, the rescript was recalled, the decree of the Superior Court was revoked, and the case was remanded to that court for further hearing, either on the bill as it stood or as it might be amended by leave of that court.

BILL IN EQUITY, filed in the Superior Court on July 31, 1908, by Carleton Hunneman and the United Surety Company (hereinafter called the surety company) against the Lowell Institution for Savings (hereinafter called the savings bank) and Delia C. Phelps, alleging in substance that the plaintiff Carleton Hunneman on January 19, 1905, commenced an action against the defendant Delia C. Phelps and caused an attachment to be made of her real estate in the county of Suffolk to the amount of $2,500; that a default against the defendant Phelps was entered in said action, which subsequently was removed by order of the court upon the defendant Phelps's giving a bond with the United Surety Company as surety in the penal sum of $2,000 conditioned upon her paying to the plaintiff any judgment which he might recover in the action, but that the attachment upon the defendant's real estate was not dissolved; that on June 1, 1908, Hunneman recovered a judgment * amounting to $1,714.37 which the surety company paid, " and by virtue of such payment became subrogated to all the rights of said Hunneman against said Phelps under said execution, and that further said execution was assigned to your petitioner United Surety Company by said Hunneman, the same at that time being satisfied in no part whatever by the defendant Phelps "; that the assignment gave to the surety company the right to collect the amount of the judgment from the defendant Phelps in Hunneman's name; that when the defendant Phelps procured the surety company to give the bond, she deposited with it $1,036.27 which had been applied toward paying the plaintiff Hunneman, and that there was still due to the surety company, because of what it paid to the plaintiff Hunneman and of expenses which it had incurred, $898.10 " and further costs of collection " ; that the defendant Lowell Institution for Savings held mortgages upon the real estate of the defendant Phelps in the county of Suffolk which were entitled to priority over the attachments of the plaintiff Hunneman, that the bank by a sale under the mortgages on July 28, 1908, foreclosed the mortgages and that it had in its possession a surplus; that within thirty days after the rendition of the judgment in the case of Hunneman

---

* The case of *Hunneman* v. *Phelps* was before this court on exceptions of the defendant and is reported in 199 Mass. 15.

*v.* Phelps and previous to the foreclosure sale a deputy sheriff of Suffolk County had commenced a levy under the execution, which "levy had not been completed." The plaintiffs' statement of their legal conclusions from the facts alleged is in the opinion. The prayers of the bill were in substance that the savings bank be enjoined from paying the surplus in its hands to the defendant Phelps, that an accounting be had as to the amount of the surplus, and that the interest of the defendant Phelps in the surplus be determined and the bank be ordered to · pay to the surety company "the share of" the defendant Phelps, "or so much thereof as may be sufficient to satisfy said execution and the costs of this bill." There also was a prayer for general relief.

The defendants demurred. The demurrer was overruled by *Wait,* J., and the defendant Phelps appealed.

The case was heard upon the merits by *Dana,* J., who found the facts to be substantially as they were alleged in the bill, and also found other facts stated in the opinion. A decree was entered directing that the plaintiff surety company recover from the defendant Phelps $974.38 and costs, "the same to be paid by the" defendant savings bank "out of the surplus funds in its hands belonging to the defendant Phelps after the foreclosure sale." The defendant Phelps appealed.

*A. L. Richards,* for the defendant Phelps.

*W. B. Luther,* for the plaintiffs.

HAMMOND, J. The trial judge has found as a fact that at the time of the assignment by the judgment creditor to the United Surety Company, hereinafter called the surety company, it was the express intention of both parties to the transaction that it should be a sale of the execution with the purpose of keeping it alive and not a "payment under said execution." Under this finding it must be held that the execution has not been satisfied but on the contrary is still alive. *Taylor* v. *Van Deusen,* 3 Gray, 498. Indeed the appellant does not argue to the contrary.

The execution having been placed in the officer's hands within thirty days from the judgment, the surety company had its choice either to levy upon the interest attached upon mesne process or to seize afresh on the execution. The officer's return shows

that upon the execution he "seized and took" all the right, title and interest which the judgment debtor "had (not exempt by law from attachment or levy on execution) on the thirtieth day of June, A. D. 1908, at thirty minutes past ten o'clock A. M. (being the time the same was taken on execution) in and to the" real estate in question. It thus clearly appears that the levy was begun not upon the interest attached upon mesne process, but upon the interest existing at the time of the beginning of the levy. Several days before the foreclosure sale the right under the attachment was irretrievably lost. The right of the surety company therefore depends upon the interest acquired by the seizure upon execution of the right existing at the time of the seizure.

By this seizure the surety company secured an interest in the land. By the foreclosure sale under the power contained in the mortgage held by the bank, this interest was turned into money. Under these circumstances the surety company had an equitable lien upon the proceeds, a right which equity will enforce if the right be promptly pursued. The money in the hands of the bank belonged to the same persons as the land before the sale. For illustration of the application of this principle see *Wiggin* v. *Heywood*, 118 Mass. 514, and cases cited; *Worcester* v. *Boston*, 179 Mass. 41 ; *Knowles* v. *Sullivan*, 182 Mass. 318. For a discussion of the principle and its limitations and exceptions see among other cases *Gardner* v. *Barnes,* 106 Mass. 505, *Judge* v. *Herbert*, 124 Mass. 330, and *Western Union Telegraph Co.* v. *Caldwell*, 141 Mass. 489. The foreclosure sale took place July 28, 1908. The very next day the bill was filed. The surety company has therefore an equitable lien upon the proceeds of the sale, such lien being junior to all claims upon the land at the time the levy began.

It does not clearly appear from the facts found whether after satisfying such claims there is anything left for the petitioner. The trial judge seems to have been of opinion that the proceedings of the levy related back to the time of the attachment and not to the time of the seizure upon the execution, for he has found the incumbrances upon the property at the former time but says nothing about those at the latter time. In view, however, of the large surplus which came to the hands of the bank as the pro-

ceeds of the sale, and of the fact that the bank seems satisfied with the decree of the Superior Court, we infer that, no matter what may be the time at which the incumbrances are considered, there is enough left to pay the surety company.

It is urged by the appellant that it appears that several attachments were made subsequent to that of the plaintiff, and they are not shown to have been dissolved. In his return the officer states that after seizing the real estate on execution he suspended the levy by reason of prior attachments, and that " on the second day of July, 1908, the prior attachments above referred to having been disposed of," he proceeded with his levy. Neither in the answer of the bank or in that of the appellant is there anything said about these attachments; nor does it appear that at the trial their existence was relied upon or was even suggested as a ground of defense. It is true that the answer of the appellant sets up, and the master finds, that there was an attachment made by one Redding before that made by Hunneman, but the trial judge finds that there is enough to satisfy the present claim. It is to be assumed under the circumstances that the other attachments no longer exist.

The only ground of the demurrer argued before us is that there is a misjoinder of plaintiffs. But that is untenable. Although where the assignment is absolute on its face and its validity is not questioned there is no necessity that the assignor should be a party, yet where it cannot be known in advance whether or not the validity of the assignment, even although absolute on its face, will be questioned, or where there remains a right or liability of the assignor which may be affected by the decree, it is well that the assignor should be a party in order that the rights of all parties, especially the defendant, may be protected by the final decree. It manifestly could not be known in advance that the validity of this assignment would not be questioned; and indeed its validity and effect as an assignment seem to have been actually in dispute at the trial. For a discussion of the law upon this point see *Montague* v. *Lobdell,* 11 Cush. 111; *Jenkins* v. *Eliot,* 192 Mass. 474, and cases cited.

It is insisted by the appellant that the bill places the case of the plaintiffs upon the right secured by the attachment, and inasmuch as that right was not levied upon and is lost, the bill in

its present form cannot be maintained. This contention seems sound. The bill sets out the attachment, judgment and execution, and then avers that " within thirty days of the rendition of said judgment " the execution was placed " in the hands of . . . [an officer] . . . who commenced levy on the same "; and further that " by reason of the before-mentioned attachment " a lien was acquired by Hunneman upon the real estate, and that by his assignment " said lien passed with the execution to " the surety company. It is plain that the bill proceeds upon the theory that the right of the surety company to an equitable lien on the proceeds of the foreclosure sale is based upon the right secured by the attachment. But that right we have seen was not levied upon. The case of the surety company, so far as based upon that right, must fail.

Nor is the case of the plaintiffs helped by the stipulation entered into by the savings bank, because that only binds the bank to pay whatever it shall be found " chargeable with or answerable for under or by virtue of the attachment in the original action, . . . as set forth in the bill of complaint." It cannot be held to apply to the case proved. It follows that the bill in its present form cannot be maintained.

But after all the case stands upon the right seized on the execution, whether or not that be the right secured by attachment. The case seems to have been fully tried. No rights intervening between the time of the attachment and the seizure on execution appear to be outstanding except certain rights of the bank arising out of a loan made subsequent to the attachment, and there is nothing to show that there is not enough to satisfy that and also the claim in suit. Under these circumstances we think that the plaintiffs should have an opportunity to apply to the Superior Court for leave to amend the bill, upon such terms as may seem to that court just and reasonable, so as to cover the case proved. If within thirty days such an amendment be allowed, then the decree appealed from shall stand. Otherwise the bill is to be dismissed with costs.

*So ordered.*

After the foregoing opinion was delivered and a rescript had been sent down in accordance therewith, the counsel for the

Lowell Institution for Savings made a motion that the case be sent back to the Superior Court for a rehearing. In support of that motion he stated that on April 2 a motion such as was suggested in the opinion was made before the judge of the Superior Court who tried the case and made the final decree ; and that at the hearing upon that motion it appeared that certain facts, which would be material whether the bill was amended or not, had not been sufficiently called to the attention of the trial court and did not appear in the record before us.

Counsel upon all sides having been heard in writing on the motion that the case be sent back to the trial court, and it appearing that there was a mistrial there and that the ends of justice require a rehearing, the rescript heretofore issued is recalled, the final decree of the Superior Court is reversed, and the case is remanded to that court for further hearing upon the bill as it now stands, or as it may be amended, — such amendments only to be made as shall be permitted by that court, and upon such terms as it may prescribe.

*So ordered.*