## CARLETON HUNNEMAN *vs.* DELIA C. PHELPS.

Norfolk.    December 8, 1910. — January 5, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Execution,* Levy: amendment of return. *Practice, Civil,* Amendment of officer's return.

To·constitute a valid levy by a deputy sheriff under an execution upon real estate which previously had been attached in the action in which the execution issued, no more formal overt act is necessary than for the officer to make a memorandum for the levy on a piece of paper and to direct a clerk in his office to make the necessary copies for notice to the judgment debtor and for recording and publication and to prepare the return for the signature of the deputy sheriff.

At the hearing of a motion by a deputy sheriff to amend, so that it would conform to the truth, a return by him upon an execution as to a levy, so that, instead of reading that he levied upon the interest of the debtor in certain real estate as it existed on the date of the levy, it should read that he levied upon the debtor's interest as it was at the time of an attachment thereof made at the commencement of the action, there was evidence tending to show that the attachment had been made, that the execution had been handed to the deputy sheriff with an instruction to levy upon the property attached, the date of the attachment being given to him, that he then had made a memorandum for the levy on the interest of the debtor in the real estate as of the date of the attachment upon a piece of paper, which at the time of the hearing was lost, and had directed a clerk in his office to make the necessary copies for notice to the debtor and for publication and recording and to prepare the return for the signature of the deputy sheriff; that the notice given to the debtor and published in a newspaper stated the levy in accordance with the proposed amended return, and that the return upon the copy of the execution filed in the registry of deeds and upon the original execution stated it as covering the debtor's interest on the later date. The judge found as a fact that the levy was made as stated in the amendment and allowed the motion. *Held,* that the action of the judge was within his power and was warranted.

KNOWLTON, C. J.    The question before us arises upon a motion of a deputy sheriff to amend his return upon an execution.*

---

* This case previously was before this court on exceptions of the defendant taken at the trial and the exceptions were overruled by a decision reported in 199 Mass. 15.    A bill in equity afterwards was filed in the name of the same plaintiff but on behalf of a surety company which had signed a bond given by the defendant to pay any judgment that might be rendered in the action, the purpose of the bill being to reach a surplus which the Lowell Institution for Savings held as mortgagee after foreclosing certain mortgages upon real estate of the defendant which had been attached by this plaintiff subject to the mortgages.    The suit, after a hearing and decree

The power of the court to allow an amendment to such a return, for the purpose of making the return conform to the truth, is well established, and is not questioned in this case. *Bayley, petitioner,* 132 Mass. 457. *Sawyer* v. *Harmon,* 136 Mass. 414. *Frazee* v. *Nelson,* 179 Mass. 456, 461. The contention of the defendant is that there was no evidence to warrant the judge * in finding, as a fact, that the levy was made as stated in the proposed amendment.

The amendment changed the original return by making the levy upon the execution cover the interest of the debtor in the real estate on January 19, 1905, the time when the property was attached on mesne process, instead of her interest on June 30, 1908, the day when the levy was made. The notice which was given to the debtor and published in a newspaper stated the levy in accordance with the statement in the amendment. The return upon the copy of the execution which was filed in the registry of deeds, and that upon the original execution, stated it as covering the debtor's interest on the later date.

The officer testified very fully that he levied upon the right of the debtor at the time of the attachment on mesne process, and that when he received the execution he was given the date of the original attachment, and was told to levy upon the property attached. He also said that he made a memorandum for the levy on a paper which has been lost, and that he directed a clerk in his office to make the necessary copies and to prepare the return for his signature. To constitute a valid levy, no more formal overt act was necessary to be proved. *Hall* v. *Crocker,* 3 Met. 245. *Haven* v. *Snow,* 14 Pick. 28, 32. The evidence well warranted the finding of the judge that the statements in the proposed amendment were true.

*Motion allowed.*

*W. B. Luther,* for the plaintiff.
*A. L. Richards,* for the defendant.

---

in the Superior Court, was before this court, (see *Hunneman* v. *Lowell Institution for Savings,* 205 Mass. 441, 448,) and was remanded to the Superior Court for further hearing.

* *Dana,* J.