CARLETON HUNNEMAN & another *vs.* LOWELL INSTITUTION FOR SAVINGS & another.

Suffolk.    March 28, 1911. — June 21, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil,* Amendment, Officer's return. *Execution. Attachment.*

When by a final order of court an officer has been allowed to amend his return upon an execution and makes such amendment in accordance with the order, a copy of the amended return filed in the registry of deeds has the same effect as if the amendment had been incorporated in the original return.

Under R. L. c. 178, § 4, the requirement that an officer who has taken land on execution shall deposit a copy of the execution in the registry of deeds ap-

plies only to an execution levied on land which was not attached on mesne process.

Where an execution is levied upon land which already was attached in the same action on mesne process, the plaintiff's rights under the attachment are not affected by other attachments that intervene while the levy of the execution is proceeding and before it is completed as far as the nature of the case permits.

BRALEY, J. The facts concerning this litigation are fully set forth in the former appeal and need not be recited, nor the grounds of decision which established the right of the surety company in the name of the plaintiff, who was the judgment creditor, to reach and apply the money in the possession of the bank in satisfaction of the judgment, reviewed. *Hunneman* v. *Lowell Institution for Savings*, 205 Mass. 441.

It there appeared from the officer's return, that the execution was levied as of the date of the seizure, and not as of the date when the equity of redemption, which had been turned into money by foreclosure of the mortgage, leaving a surplus in the possession of the bank after its debts and the expenses of sale were satisfied, had been attached on mesne process. But as the right to maintain the bill was based upon the theory, that the lien of the attachment had been transferred to the money, and as other superior equitable or legal rights had intervened, unless the right of the plaintiff was established as of the date of the attachment, it was held that the bill could not be maintained. The decree, therefore, was reversed, and at the second trial, the officer having so amended his return as to show that he actually levied as of the date of the attachment, a decree was entered for the plaintiff for the amount of the judgment with interest and costs.

The judgment debtor has appealed from this decree, upon the ground, that the attachment lapsed, as the levy was not made within thirty days from the date of the judgment, and that, even if there was a valid levy, the attachment also was lost because the officer did not suspend the levy by reason of prior attachments, but proceeded while the interest to be sold still was subject to them. The amendment, however, having been duly allowed by the court, the copy filed in the registry of deeds had the same effect as if incorporated in the original return. *Childs* v. *Barrows*, 9 Met. 413, 416. *Bates* v. *Willard*, 10 Met. 62, 81. *Hunneman* v. *Phelps*, 207 Mass. 439. A further answer is, that

a copy of the execution with the return need not be filed when the property has been attached in the action. R. L. c. 178, § 4.

The second objection also is not well founded. It is to be remembered, that a sale on execution never took place as the foreclosure transformed the land into money, and the proceedings by the officer were necessary only to secure the priority of the plaintiff's lien. The fact that the levy proceeded and was completed as far as possible, while the intervening attachments were pending, cannot impair or defeat its effect in preserving the plaintiff's rights under the attachment. *Owen* v. *Neveau,* 128 Mass. 427, 431. *Cowles* v. *Dickinson,* 140 Mass. 373, 376. *Hunneman* v. *Lowell Institution for Savings,* 205 Mass. 441, 445. R. L. c. 178, § 31.

*Decree affirmed.*

*A. L. Richards,* for the defendant Phelps.
*W. B. Luther,* for the plaintiffs.