FRANK E. MARBLE *vs.* BARNEY BLOOM.

Essex.    January 22, 1926. — February 25, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Amendment of officer's return.

Where, at the hearing of a motion by a deputy sheriff to amend his return on an execution to show that the first publication of a notice of a sale thereunder of real estate, especially attached by him in the action, was "more than twenty-one days before the day appointed for said sale," there is evidence warranting a finding by the judge that the amended return was in accordance with the fact, a finding to that effect will not be set aside.

At the hearing of such a motion, the trial judge is not confined for evidence to the original return, but may decide the question as to the truth of the facts set out in the amendment on all the evidence before him.

By such a motion substantial errors as well as those which are merely clerical can be corrected so that the amended return sets out the truth.

The mere fact, that at a hearing of such a motion the officer testified in cross-examination that he did "not know who drew the amended return," need not prevent the judge from finding that the amended return conformed to the truth.

CONTRACT.  Writ dated September 15, 1920.

There was a judgment for the plaintiff in the sum of $1,590.46.  The deputy sheriff, Eben T. Brackett, made a sale of all right, title and interest of the defendant in real estate standing of record in the name of the defendant's wife, Annie Bloom, and gave a deed of the same to the plaintiff on January 15, 1923.  On March 17, 1925, a motion to amend his return was presented to the court by the deputy sheriff, and was heard by *Whiting*, J.  Other material facts are described in the opinion.  The motion was allowed. The defendant alleged exceptions.

*E. J. Garity*, for the defendant.

*T. S. Bubier*, for the plaintiff.

CARROLL, J.  The question raised by the defendant's bill of exceptions relates to the allowance of a motion by a deputy sheriff to amend his return on an execution.

In the original action a special attachment was made of real estate standing in the name of the defendant's wife, Annie Bloom.  Judgment was entered for the plaintiff, and execution issued November 17, 1922.  January 15, 1923, the deputy sheriff conveyed by sheriff's deed, under the execution, to the plaintiff Marble, the property described in the special attachment.  The motion to amend the officer's return was allowed March 20, 1925.

The original return on the execution did not state that the first publication of the notice of sale in a newspaper was not less than twenty-one days before the day of sale, as required by G. L. c. 236, § 28.  This return recited that the deputy sheriff sold "said real estate."  The amended return sets out that the first publication of sale was on December 16, 1922, "more than 21 days before the day appointed for said

sale"; that the "right, title and interest" of the defendant Bloom were seized, and were sold at public auction to Frank E. Marble, he being the highest bidder. The trial judge allowed the motion to amend the return, and refused certain requests for rulings asked for by the defendant.

It is well settled that the court has power to allow an amendment to an officer's return in order to make the amendment conform to the truth. *Bayley, petitioner*, 132 Mass. 457. *Sawyer* v. *Harmon*, 136 Mass. 414. *Hunneman* v. *Phelps*, 207 Mass. 439. At the hearing on the motion the deputy sheriff testified that the facts stated in the amended return were true; that he published the notice of sale (a copy of which was in evidence) in the Daily Evening Item, a newspaper published in Lynn, on December 16, 23, and 30, 1922; that at the time of sale he read the notice and called for bids; and that he intended to sell and said he was selling Barney Bloom's interest in the property described. The question, whether the amended return was in accordance with the truth, was a question of fact, and as there was evidence to support the judge's finding it cannot be set aside. See *Lancaster* v. *Stanetsky*, 221 Mass. 312; *Crocker* v. *Lowell*, 231 Mass. 249.

The second request of the defendant, "That unless the means of correcting the return can be found in the return itself, it is not amendable," could not have been given. The trial judge could have decided the question on all the evidence before him, and he was not bound by the original return. *Hunneman* v. *Phelps, supra*. A return can be amended to correct substantial errors, as well as those which are merely clerical, so that the return sets out the truth. The fact that the officer testified on cross-examination that he did "not know who drew the amended return," did not prevent the judge from finding that the amended return conformed to the truth. *Brown* v. *Washington*, 110 Mass. 529, and the cases relied on by the defendant are not in conflict. The defendant's requests were refused properly and there was no error in allowing the motion.

*Exceptions overruled.*