JOE MODIST *vs.* MAUDE A. LYNCH.

Suffolk.     October 6, 1931. — October 8, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Amendment.

From a report by a judge of a district court to an appellate division, it appeared that, on a writ in an action against Jane Doe Lynch, an officer made a return that he had "summoned said defendant to appear and answer . . . by leaving at her last and usual place of abode, a summons"; that, after entry of the action, the plaintiff was permitted to amend the writ by substituting "Maude A," for "Jane Doe,"; that thereupon Maude A. Lynch, appearing specially, filed a motion that the action be dismissed, which was not disposed of until after the serving officer had been permitted duly to amend his return by striking out the words "Jane Doe" wherever they appeared in his original return and substituting therefor "Maude A"; and that the motion to dismiss then was denied. The Appellate Division ordered the report dismissed with double costs. Maude A. Lynch appealed. *Held,* that no question of law was raised upon the record; and the order dismissing the report was affirmed with double costs.

CONTRACT.  Writ in the Municipal Court of the City of Boston dated April 29, 1930.

The action was entered in court on May 10, 1930. The plaintiff's motion to amend the writ and declaration was filed and allowed on May 19. The defendant's motion to dismiss was filed on May 29. The officer's motion to amend his return was filed and allowed on June 4. The defendant's motion to dismiss was denied on January 12, 1931. Other facts shown by a report by *Duff,* J., to the Appellate Division are stated in the opinion. The report was ordered dismissed. The defendant appealed.

*M. B. Lynch,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

RUGG, C.J.  The plaintiff brought an action by writ wherein Jane Doe Lynch was named as defendant. On this writ a constable made return that he had "summoned said defendant to appear and answer . . . by leaving at her last

and usual place of abode, a summons . . . . Said service was made at No. 45 Hereford Street . . . ." After the entry of the writ the plaintiff filed a motion to amend his writ and declaration "by striking out the words 'Jane Doe' wherever they appear, and by inserting in place thereof the words 'Maude A', so that the same will read Maude A. Lynch." This motion was filed and allowed on May 19, 1930. It is too plain for discussion that the allowance of this amendment was within the power of the court. Thereupon, the defendant, appearing specially for that purpose alone, moved that the plaintiff's writ be dismissed for the reason that no service of the same had been made on her. Shortly thereafter, the officer who had served the writ filed a motion that "his return be amended by striking out the words 'Jane Doe' wherever the same may appear, and inserting in place thereof the words 'Maude A.'; so that said return when amended will be true and in accordance with the facts." This was subscribed and sworn to by the officer and allowed by the court. Thereafter, upon hearing, the motion to dismiss was denied. The amendment of the writ was permissible. G. L. c. 231, § 53. The defendant, having appeared specially to file the motion, was in court for all purposes in connection therewith including a motion to cure the defect of which she complained. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 423. Plainly the allowance of the motion to amend the officer's return was within the power of the court. *United Drug Co.* v. *Cordley & Hayes,* 239 Mass. 334, 338. *Marble* v. *Bloom,* 255 Mass. 22, 24. *Browning-Drake Corp.* v. *AmerTran Sales Co.* 274 Mass. 545, 548. No real question of law is raised on this record. The case is governed by principles thoroughly settled under our practice. The order dismissing the report with double costs was within the power of the Appellate Division. *Dindio* v. *Meshaka,* 275 Mass. 112, 115. G. L. c. 231, § 108. See now St. 1931, c. 426, § 116.

*Order dismissing report affirmed with double costs.*