JOHN EVERETT *vs.* FRED H. MERRILL, conservator.

Norfolk. February 7, 1933. — February 15, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Probate Court,* Jurisdiction, Appeal. *Officer,* Amendment of return.

Where, at the hearing of a petition in a probate court for the discharge of a conservator of the petitioner's property previously appointed by the court, it was suggested by the petitioner that service on him of the citation on the original petition for the conservator was made less than the required number of days before the return day, it was within the power of the court, after the entry of a decree dismissing the petition for discharge and the filing of a claim of appeal therefrom by the

petitioner, to allow a motion by the officer who had served said citation to amend his return thereon so that it would conform to the truth and show that service was made the required number of days before the return day, evidence at the hearing of the motion being ample to support its allowance.

There being no evidence reported nor finding of facts upon the appeal from the decree dismissing the petition for discharge above described, no error of law in the decree was apparent and it was affirmed.

PETITION, filed in the Probate Court for the county of Norfolk on June 8, 1932, to discharge the respondent as conservator of the petitioner's property.

The petition was heard by *McCoole*, J., and was dismissed. The petitioner appealed. Thereafter the officer who had served the citation on the original petition for the appointment of a conservator filed a motion for leave to amend his return. The motion was allowed.

The record before this court included a report of the evidence at the hearing of the motion to amend the officer's return; but there was no report of the evidence, and no statement of facts found, at the hearing of the petition to discharge the conservator.

*J. Everett, pro se*, submitted a brief.

No argument nor brief for the respondent.

RUGG, C.J. By decree of the Probate Court for the county of Norfolk entered on May 11, 1932, a conservator was appointed to have charge of the property of the appellant. Bonds given by the conservator were duly approved. No appeal was taken from that decree. On June 8, 1932, the appellant filed a petition to discharge the conservator; citation issued and was duly served. On July 13, 1932, the appellant filed a "Request" setting out that on the original petition for the appointment of a conservator the order of notice required service of the citation at least seven days before May 11, 1932, and that the return of the officer showed a service on May 5, 1932, which was less than seven days before May 11, 1932, and suggesting that therefore the court acquired no jurisdiction and praying that said decree of May 11, 1932, be treated as void. It does not appear that any express action was taken by the court on said "Request." Decree was entered on August 3,

1932, dismissing the petition to discharge the conservator. From that decree the appellant appealed. On January 4, 1933, the deputy sheriff filed motion to be allowed to amend his return on the original petition for the appointment of a conservator, by substituting May 4, 1932, for May 5, 1932, in order that the return might conform to the truth. This motion to amend the return was allowed after hearing by decree entered on January 4, 1933.

The allowance of the motion to amend the officer's return was within the power of the court. *Modist* v. *Lynch,* 277 Mass. 135. There was ample evidence to support that action. As amended the return was in compliance with the order of the court as to service of the citation and gave to the court full jurisdiction.

It is not necessary to determine whether the petition that the conservator be discharged was itself a waiver of any defect of service on the original petition. See *Paige* v. *Sinclair,* 237 Mass. 482.

The appeal from the decree dismissing the petition to discharge the conservator presents no question of law because no evidence is reported and there is no finding of material facts by the judge. *Jordan* v. *Ulmer,* 237 Mass. 577.

*Decree affirmed.*